IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANELL WALKER,<br><br>Plaintiff,<br><br>v.<br><br>JUAN ALZATE DENTAL CORPORATION AND JUAN ALZATE, DDS,<br><br>Defendants. | Case No. 1:17-CV-00548-LJO-EPG<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS JUAN ALZATE DENTAL CORPORATION'S AND JUAN ALZATE, D.D.S.'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO DISMISS** |

Plaintiff Shanell Walker ("Plaintiff") brings this employment discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and California's Fair Employment and Housing Act, Cal. Gov. Code §§ 12940(a), 12965(d)(1). ECF No. 13. Plaintiff alleges that in 2014, she was hired by Defendant Juan Alzate, DDS ("Alzate"), to work for Defendant Juan Alzate Dental Corporation ("JADC"). *Id.* Plaintiff further alleges that, starting in 2014 and proceeding through 2015, she was subjected to various unlawful employment practices, including, among other things, sexual harassment and retaliation for complaining about the same. *See generally id*.

On May 3, 2019, JADC and Alzate moved for summary judgment on the Title VII claim, arguing, among other things, that Title VII's threshold requirement that a defendant "employer" have a certain minimum number of employees is not triggered in this case. *See* ECF Nos. 43 & 44. After requesting an extension of time, ECF No. 45, Plaintiff filed an opposition. ECF No. 49. Defendant replied. ECF Nos. 50 & 51. The Court took the matter under submission on the papers pursuant to Local Rule 230(g). ECF No. 48. Having considered the moving papers, opposition,

1

and reply, the Court finds summary judgment is appropriate as to the Title VII claim and declines to exercise supplemental jurisdiction over the remaining FEHA claim.

Title VII prohibits certain "unlawful employment practice[s]" by "employers," including discriminating against individuals in hiring, firing, compensation, and other aspects of employment. *See* 42 U.S.C. § 2000e-2. Title VII defines the term "employer" to mean "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C § 2000e. Plaintiff bears the burden of demonstrating by a preponderance of the evidence that the employer meets the 15-employee threshold. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006).

The Complaint in this case focuses on events that took place entirely within 2014 and 2015. ECF No. 13. Here, Defendant JADC has submitted evidence demonstrating that JADC had fewer than fifteen employees throughout 2013, 2014, and at least the first three quarters of 2015. ECF No. 44-2. Even if JADC had more than fifteen employees during the final quarter of 2015, a single quarter spans three months, or twelve weeks, well below the twenty-week threshold set forth in Title VII. Plaintiff's eighteen-page opposition brief does not even attempt to address this threshold issue. See ECF No. 49. Accordingly, the Court finds that JADC is entitled to summary judgment on Plaintiffs' Title VII claim.

There is no independent basis for maintaining Alzate as an individual defendant in the Title VII claim, because Title VII does not provide a separate cause of action against supervisors or co-workers. *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007). While there is some authority that might support maintaining a Title VII cause of action against a corporate owner who acted in a manner that would justify piercing the corporate veil, a valid claim against the corporate "employer" is a pre-requisite to any such claim. *See Sullivan v. Cash*, No. CV 05-

469-TUC-RCC, 2009 WL 10708232, at *1 (D. Ariz. May 6, 2009). As no Title VII claim can be maintained against JADC, no "alter ego" Title VII claim is available as against Alzate. Accordingly, Alzate is also entitled to summary judgment as to the Title VII claim.

As to the remaining FEHA claim, where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Notrica v. Bd. of Sup'rs of County of San Diego*, 925 F.2d 1211, 1213–14 (9th Cir. 1991). The Court is not required to provide an explanation for its decision. *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). Accordingly, this Court declines to exercise supplemental jurisdiction over the remaining state law claim.

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) Defendants motion for partial summary judgment is GRANTED as to the Title VII claim;

(2) The Court declines to exercise supplemental jurisdiction over the remaining FEHA claim, which is therefore DISMISSED without prejudice.

(3) The Clerk of Court shall enter judgment in accordance with this memorandum decision and order and CLOSE this case.

IT IS SO ORDERED.

    Dated:   **June 24, 2019**                /s/ Lawrence J. O'Neill
                                                           UNITED STATES CHIEF DISTRICT JUDGE